# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

Lara Jade Coton,

        Plaintiff,

v.                              CASE NO.: 8:07-CV-01332-T-23TGW

Televised Visual X-Ography, Inc., a Nevada corporation d/b/a TVX, Inc.; Robert Augustus Burge a/k/a/ Bob Burge a/k/a Bob Augustus, an individual d/b/a TVX Home Video and d/b/a TVX Films; Cyber Services, LLC, a New Jersey limited liability company d/b/a Gay Toys for Men; and Tricon Interactive, Inc., a Nevada corporation d/b/a adultcddvdvideo.com, 24houradultdvd.com and amazingtails.com,

        Defendants.

_____/

## SECOND AMENDED COMPLAINT AND
## DEMAND FOR JURY TRIAL WITH INJUNCTIVE RELIEF SOUGHT

Plaintiff, Lara Jade Coton ("LARA JADE") sues the Defendants, Televised Visual X-Ography, Inc., a Nevada corporation d/b/a TVX, Inc.; Robert Augustus Burge a/k/a/ Bob Burge a/k/a Bob Augustus, an individual d/b/a TVX Home Video and d/b/a TVX Films; Cyber Services, LLC, a New Jersey limited liability company d/b/a Gay Toys for Men; Tricon Interactive, Inc., a Nevada corporation d/b/a adultcddvdvideo.com, 24houradultdvd.com and amazingtails.com; and DRS, Inc., a Florida corporation; and alleges as follows:

# EXHIBIT A

## Preliminary Statement

1.     This case arises out of the Defendants' patently offensive, abhorrent and unauthorized use of LARA JADE'S original photographic creation -- a self-portrait taken when LARA JADE was just 14 years old -- as the cover art for a hardcore pornographic DVD entitled "Body Magic."[1]  In addition, LARA JADE'S photograph and image were used and continue to be used by these Defendants as the main label of the "Body Magic" DVD and in related sales and marketing materials.

## The Plaintiff

2.     LARA JADE is a resident of England and a citizen of the United Kingdom. She is not a citizen of the United States nor of any state of the United States, but is a citizen of a foreign state within the meaning of 28 U.S.C. §1332(a)(2). She is over the age of eighteen (18) years, having only recently celebrated her eighteenth (18th) birthday, and is otherwise sui juris.

3.     LARA JADE is a talented and accomplished fashion and portrait photographer who took up photography when she was only fourteen (14) years old. Her original photographic work can be seen at her website, "Lara Jade Photography,"[2] at www.larajade.com. LARA JADE'S photography is also displayed and offered for sale on deviantArt.com[3], an online artistic community, at http://larafairie.deviantart.com/store/.

---

[1] "Body Magic" is the copyrighted property of TVX Home Video. © 2006 TVX Home Video.
[2] "Lara Jade Photography" is the copyrighted property of Lara Jade Coton. © 2006 Lara Jade Coton.
[3] "deviantArt" and all related names are the copyrighted property of deviantArt, Inc. © 2007 deviantArt, Inc.

4.      Even at her young age, LARA JADE has already enjoyed a remarkable level of critical success. Her work has been featured in a number of magazines devoted to the art and profession of photography, including Digital Camera (August 2007), SNAP Magazine (Issue 001, January 2007), What Digital Magazine (January 2007), Peppermint Teaparty Online (October-November 2006), Magnus Online, and Lab Online Magazine (Issue 0.5).  In addition, LARA JADE and her work have been featured in numerous news items and reviews.

5.      LARA JADE has also realized some financial success as the result of her photographic and artistic abilities.   Nearly 1,000 copies of LARA JADE's photographic works have been sold on her deviantArt website alone, and LARA JADE has been hired for many commissioned projects.

## The Photograph - "No Easy Way Out"

6.      In 2004, when she was only fourteen (14) years old, LARA JADE took a self-portrait. The photograph was taken and processed in the United Kingdom and the photograph was first printed and published in the United Kingdom.

7.      The self-portrait is entitled "No Easy Way Out."[4]  A true and correct copy of the photograph, "No Easy Way Out," is attached hereto and incorporated herein for all purposes as **Exhibit "A."**

8.      The photograph, "No Easy Way Out," has never been licensed, approved or authorized by LARA JADE for use in any manner whatsoever by these Defendants, and certainly not for use in conjunction with the manufacture,

---

[4] "No Easy Way Out" is the copyrighted property of LARA JADE COTON.  © 2004-2007 Lara Jade Coton.

distribution, sale or marketing of pornographic videos in general or the pornographic video "Body Magic."

## The Defendants

9.     The Defendant, Televised Visual X-Ography, Inc., ("TVX") is a Nevada corporation with its principal place of business located at 1707 Post Oak Road, Suite 252, Houston, Texas 77056.

10.     The Defendant, Robert Augustus Burge a/k/a Bob Burge a/k/a Bob Augustus, ("Burge") is a citizen of the State of Texas. At all times material hereto Burge was and he remains the President of the Defendant, TVX, and was acting in his capacity as such as well as acting individually, d/b/a "TVX Home Video," "TVX Home Video, Inc.," and "TVX Films."

11.     The Defendant, Cyber Services, LLC d/b/a Gay Toys for Men ("Cyber Services), is a New Jersey limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey.

12.     The Defendant, Tricon Interactive, Inc. d/b/a adultcddvdvideo.com, 24houradultdvd.com and amazingtails.com ("Tricon"), is a Nevada corporation organized and existing under the laws of the State of Nevada, with its principal place of business in the State of Nevada.

## Jurisdiction and Venue

13.     This Court has original and exclusive jurisdiction over LARA JADE'S claims for copyright infringement pursuant to 28 U.S.C. §1338(a).

14.    This Court has supplemental jurisdiction over LARA JADE'S state law claims pursuant to 28 U.S.C. §1367.

15.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. §1400(a) as to LARA JADE'S copyright infringement claims, as the Defendants and each of them "resides or may be found" within the Middle District of Florida within the meaning of that provision. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. §1391(b) and (c) as to LARA JADE'S state law claims, as the Defendants and each of them "reside" within the Middle District of Florida within the meaning of that provision to the extent that they are subject to personal jurisdiction and service of process within the Middle District of Florida at the commencement of this action.

16.    TVX is subject to personal jurisdiction and service of process under Florida law as follows:

a.    Pursuant to Fla. Stat. §48.193(1)(a), by operating, conducting, engaging in or carrying on a business or business venture in the State of Florida, and LARA JADE's causes of action set forth in Counts I through IX of this Amended Complaint arise from such activities;

b.    Pursuant to Fla. Stat. §48.193(1)(b), because TVX committed tortious acts within the State of Florida by its infringement of LARA JADE's exclusive rights under the Copyright Act, as more fully described herein, and LARA JADE's causes of action set forth in Counts I, II and III of this Amended Complaint arise from said tortious acts;

c.      Pursuant to Fla. Stat. §48.193(1)(b), because TVX committed tortious acts within the State of Florida by misappropriating LARA JADE's photograph, likeness and image in violation of Fla. Stat. §540.08, as more fully described herein, and LARA JADE's causes of action set forth in Counts IV and VI of this Amended Complaint arises from said tortious acts;

d.      Pursuant to Fla. Stat. §48.193(1)(b), because TVX committed tortious acts within the State of Florida by misappropriating LARA JADE's image and likeness in violation of the common law of Florida, as more fully described herein, and LARA JADE's causes of action set forth in Counts V and VI of this Amended Complaint arise from said tortious acts;

e.      Pursuant to Fla. Stat. §48.193(1)(b), because TVX committed tortious acts within the State of Florida by defaming LARA JADE by implication, as more fully described herein, and LARA JADE's causes of action set forth in Counts VII and VIII of this Amended Complaint arise from such tortious acts;

f.      Pursuant to Fla. Stat. §48.193(1)(f), because TVX caused injury to property within the State of Florida arising out of an act or omission by TVX outside the State of Florida and products, materials or things manufactured by TVX were used or consumed within the State of Florida in the ordinary course of commerce, trade or use, and LARA JADE's causes of action set forth in Counts I through III of this Amended Complaint arise from such tortious acts;

g.      Pursuant to Fla. Stat. §48.193(1)(b), because TVX committed tortious acts within the State of Florida by its intentional infliction of emotional distress upon

LARA JADE as more fully described herein, and LARA JADE's cause of action set forth in Count IX of this Amended Complaint arises from such tortious acts;

h. Pursuant to Fla. Stat. §48.193(2), because TVX is engaged in substantial and not isolated activity within the State of Florida, including but not limited to the following:

i. Doing business in Florida over the internet via a fully interactive website accessible within the State of Florida (www.tvxfilms.com) and via which TVX, among other things, advertises and promotes its products, lists its entire current film catalog, posts news releases, posts new movie titles as they are or about to be released, posts reviews of its movies by persons not employed or affiliated with TVX, posts general information about the company, posts press releases about the company and its activities, offers electronic or fax subscriptions to its newsletter, provides a mechanism to submit electronic inquiries to the company, accepts online orders for its products, accepts buyer purchase orders for its products, accepts credit card payments, permits users to submit credit applications, and accepts online orders to be charged to existing customer accounts;

ii. Upon information and belief, maintaining open accounts with retailers, distributors and others within the State of Florida;

iii. Upon information and belief, shipping its products to retailers, distributors and others within the State of Florida;

iv.     Upon information and belief, accepting payments remitted electronically or otherwise from retailers, distributors and others within the State of Florida;

v.      Electronically publishing via its internet site, copies and descriptions of its products within the State of Florida;

vi.     Upon information and belief, deriving a significant amount of revenue from sales made to retailers, distributors or others located within the State of Florida.

17.     Burge is subject to personal jurisdiction and service of process under Florida law as follows:

a.      Pursuant to Fla. Stat. §48.193(1)(a), by operating, conducting, engaging in or carrying on a business or business venture in the State of Florida, and LARA JADE's causes of action set forth in Counts I through IX of this Amended Complaint arise from such activities;

b.      Pursuant to Fla. Stat. §48.193(1)(b), because Burge committed tortious acts within the State of Florida by his infringement of LARA JADE's exclusive rights under the Copyright Act, as more fully described herein, and LARA JADE's causes of action set forth in Counts I, II and III of this Amended Complaint arise from said tortious acts;

c.      Pursuant to Fla. Stat. §48.193(1)(b), because Burge committed tortious acts within the State of Florida by misappropriating LARA JADE's photograph, likeness and image in violation of Fla. Stat. §540.08, as more fully described herein,

and LARA JADE's cause of action set forth in Counts IV and VI of this Amended Complaint arises from said tortious acts;

       d.     Pursuant to Fla. Stat. §48.193(1)(b), because Burge committed tortious acts within the State of Florida by misappropriating LARA JADE's image and likeness in violation of the common law of Florida, as more fully described herein, and LARA JADE's causes of action set forth in Counts V and VI of this Amended Complaint arise from said tortious acts;

       e.     Pursuant to Fla. Stat. §48.193(1)(b), because Burge committed tortious acts within the State of Florida by defaming LARA JADE by implication, as more fully described herein, and LARA JADE's causes of action set forth in Counts VII and VIII of this Amended Complaint arise from such tortious acts;

       f.     Pursuant to Fla. Stat. §48.193(1)(f), because Burge caused injury to property within the State of Florida arising out of an act or omission by Burge outside the State of Florida and products, materials or things manufactured by Burge were used or consumed within the State of Florida in the ordinary course of commerce, trade or use and LARA JADE's causes of action set forth in Counts I through III of this Amended Complaint arise from such tortious acts;

       g.     Pursuant to Fla. Stat. §48.193(1)(b), because Burge committed tortious acts within the State of Florida by its intentional infliction of emotional distress upon LARA JADE as more fully described herein, and LARA JADE's cause of action set forth in Count IX of this Amended Complaint arises from such tortious acts;

h.   Pursuant to Fla. Stat. §48.193(2), because Burge is engaged in substantial and not isolated activity within the State of Florida, including but not limited to the following:

i.   Doing business in Florida over the internet via a fully interactive website accessible within the State of Florida (www.tvxfilms.com) and via which Burge, among other things, advertises and promotes its products, lists its entire current film catalog, posts news releases, posts new movie titles as they are or about to be released, posts reviews of its movies by persons not employed or affiliated with Burge, posts general information about the company, posts press releases about the company and its activities, offers electronic or fax subscription to its newsletter, provides a mechanism to submit electronic inquires to the company, accepts online orders for its products, accepts buyer purchase orders for its products, accepts buyer purchase orders for its produces, accepts credit card payments, permits users to submit credit card applications, and accepts online orders to be charged to existing customer accounts;

ii.   Upon information and belief, maintaining open accounts with retailers, distributors and others within the State of Florida;

iii.   Upon information and belief, shipping its products to retailers, distributors and others within the State of Florida;

iv.   Upon information and belief, accepting payments remitted electronically or otherwise from retailers, distributors and others within the State of Florida;

v.      Electronically publishing via its internet site, copies and descriptions of its products within the State of Florida;

vi.      Upon information and belief, deriving a significant amount of revenue from sales made to retailers, distributors or others located within the State of Florida.

18.    Cyber Services is subject to personal jurisdiction and service of process under Florida law as follows:

a.    Pursuant to Fla. Stat. §48.193(1)(a), by operating, conducting, engaging in or carrying on a business or business venture in the State of Florida, and LARA JADE's cause of action set forth in Count X of this Amended Complaint arises from such activities;

b.    Pursuant to Fla. Stat. §48.193(1)(b), because Cyber Services committed tortious acts within the State of Florida by its infringement of LARA JADE's exclusive rights under the Copyright Act, as more fully described herein, and LARA JADE's cause of action set forth in Count X of this Amended Complaint arises from said tortious acts;

c.    Pursuant to Fla. Stat. §48.193(2), because Cyber Services is engaged in substantial and not isolated activity within the State of Florida, including but not limited to the following:

i.      Doing business in Florida over the internet via one or more fully interactive websites owned and operated by it including but not limited to www.gaytoysformen.com that are accessible within the State of Florida;

ii.      Maintaining accounts with customers located within the State of Florida;

iii.     Selling, renting and shipping its products to customers within the State of Florida via electronic or telephonic orders originating within the State of Florida;

iv.     Accepting payments remitted electronically from its customers within the State of Florida;

v.      Electronically publishing copies and descriptions of its products on its website, including copies and descriptions of adult DVDs offered for sale or rent to customers within the State of Florida;

vi.     Communicating with customers within the State of Florida via electronic or telephonic communications with respect to ordering, shipping, billing and customer service matters;

vii.    Deriving a significant amount of revenue from sales or rentals made to persons, firms or entities located within the State of Florida.

19.     Tricon is subject to personal jurisdiction and service of process under Florida law as follows:

a.      Pursuant to Fla. Stat. §48.193(1)(a), by operating, conducting, engaging in or carrying on a business or business venture in the State of Florida, and LARA JADE's cause of action set forth in Count XIV of this Amended Complaint arises from such activities;

b.      Pursuant to Fla. Stat. §48.193(1)(b), because Tricon committed tortious acts within the State of Florida by its infringement of LARA JADE's exclusive rights under the Copyright Act, as more fully described herein, and LARA JADE's cause of action set forth in Count XIV of this Amended Complaint arises from said tortious acts;

c.      Pursuant to Fla. Stat. §48.193(2), because Tricon is engaged in substantial and not isolated activity within the State of Florida, including but not limited to the following:

i.      Doing business in Florida over the internet via one or more fully interactive websites owned and operated by it including but not limited to www.adultcddvdvideo.com, www.24houradultdvd.com, and www.amazingtails.com that are accessible within the State of Florida;

ii.      Maintaining accounts with customers located within the State of Florida;

iii.      Selling, renting and shipping its products to customers within the State of Florida via electronic or telephonic orders originating within the State of Florida;

iv.      Accepting payments remitted electronically from its customers within the State of Florida;

v.      Electronically publishing copies and descriptions of its products on its websites, including copies and descriptions of adult DVDs offered for sale or rent to customers within the State of Florida;

vi. Communicating with customers within the State of Florida via electronic or telephonic communications with respect to ordering, shipping, billing and customer service matters;

vii. Deriving a significant amount of revenue from sales or rentals made to persons, firms or entities located within the State of Florida.

### Facts Giving Rise To The Claims

20. In late 2006 or early 2007, LARA JADE received an anonymous communication advising her that her photograph, "No Easy Way Out," was being used as the cover of a hardcore pornographic video entitled "Body Magic."

21. Through her own investigation, LARA JADE confirmed this fact and found "Body Magic" being marketed and sold over the internet packaged as depicted in **Exhibit "B."** The cover of the "Body Magic" video is clearly and indisputably a copy of LARA JADE'S photograph, "No Easy Way Out."

22. Through further investigation, LARA JADE discovered that the Defendants, TVX and Burge, were responsible for the production, manufacture, marketing, distribution and sale of "Body Magic."

23. On January 29, 2007, LARA JADE contacted Burge and TVX via email addressed to Bob@tvxfilms.com and advised them of their unauthorized use of her photograph and image in connection with "Body Magic." Specifically, LARA JADE advised TVX and Burge that "I am absolutely disgusted that you've used my artwork

for such a subject - I was fourteen at the time the picture was taken and I had no clue until today that you were using it in such a way."

24.    On January 30, 2007, Burge replied to LARA JADE via email and indicated, among other things, that TVX outsourced its artwork to another company and that he, Burge, had "asked them to fully investigate" LARA JADE'S claim. Burge also took the opportunity to gratuitously ridicule LARA JADE, stating that "To date their [sic] have only been a couple hundred dvd's [sic] sold throughout the world so the picture is of little importance so I'll be glad to have them change the art."

25.    On February 2, 2007, LARA JADE emailed Burge and TVX and requested the name of and contact information for the company that had allegedly furnished the unauthorized image for use as the "Body Magic" cover and related art.

26.    Later on February 2, 2007, LARA JADE emailed Burge and TVX again and requested compensation for their unauthorized use of her photograph and image, as well as written confirmation that none of her images would be used by TVX on any other videos.

27.    Burge and TVX responded to LARA JADE by email on February 2, 2007, stating as follows:

> Not only will you not be compensated for your photo we have turned this problem over to our attorney it seems the company my graphic company got the photo from on the internet is a public domain operation. You knew this when you originally sent us your scheming letter. Nice try toots. We are still going to remove you from the art, not because of your claim but let's face it your picture means very little to the film. [*sic* throughout]

Apparently, merely ridiculing LARA JADE was no longer satisfying so Burge and TVX felt the need to accuse LARA JADE of "scheming," by which Burge presumably meant to suggest that LARA JADE, a teenager in England, had intentionally allowed her creative work to be placed on the internet in the hope that it would be stolen by a pornographic video manufacturer in Texas and used as the cover of a re-packaged 1970s era pornographic movie so she could then locate the Texas-based pornographer in the hope of extracting compensation from it. The absurdity of this notion is readily apparent.

28.    LARA JADE responded to Burge and TVX via another email on February 2, 2007, and advised that the only place that the photograph had been published was on the deviantArt website (where, in fact, the photograph bore a watermark copyright indication in addition to the copyright indications on each page of the site itself).

29.    Later on February 2, 2007, Burge and TVX responded by email to LARA JADE and stated, among other things, that:

> WE HAVE ALREADY CONFIRMED YOUR FACE AND IMAGE WILL BE TAKEN OFF THE DVD INSERT PAGE AND MY WEBSITE.
>
> AS SOON AS THE ART HAS BEEN REPRINTED WE WILL THEN SEND IT TO ALL OUR DISTRIBUTORS AND HAVE THEM RETURN ANY PRODUCT ON THEIR SHELFS SO THAT WE CAN REMOVE THE DVD COVER.
>
> I'M SURE BY THE END OF THE MONTH YOUR FACE WILL BE HISTORY.  WE HAVE STOPPED SELLING THE DVD UNTIL THE COVER IS REPLACED. WE HAVE FURTHER CHECK OUT YOUR NAME AND

16

> ITS NOT LIKE IT'S A HOUSE WHOLE NAME. ACTUALLY, REMOVING YOUR IMAGE WILL HELP IMPROVE THE SELL OF THE DVD…SO FAR IT BOMBED.

[caps in original, *sic* throughout]

Remarkably, Burge again elected to ridicule LARA JADE -- now having the boundless audacity to actually blame LARA JADE for the allegedly poor sales of TVX's pornographic movie.

30.     On February 3, 2007, Burge emailed LARA JADE and stated "Like we said you have been expurgated from our dvd cover" [*sic*].

31.     On the same day, LARA JADE emailed Burge and TVX and again requested the name and contact information for the company that Burge had claimed was responsible for initially furnishing the unauthorized photograph for use in connection with "Body Magic." LARA JADE also stated, "I did ask you this from the start but you were the one being rude to me. This isn't about money, I was disgusted that you were using my photograph for such an awful subject."

32.     Later the same day, Burge responded via email to LARA JADE and stated that "You will have to talk to the graphic artist involved I have forwarded your request to him." [*sic*] Burge's email was copied to "A.J. Cohen."

33.     On February 3, 2007, A.J. Cohen emailed LARA JADE and stated, among other things, "I am the artist who found the image on the internet." He further stated that "Your image has immediately been removed from any TVX DVD

packaging, DVD face art, website as well as having all sales personnel instructed to stop selling it immediately."

34.     By their own admission in Burge's January 30, 2007, email, Burge and TVX had sold at least "a couple hundred" copies of "Body Magic" with the cover that bore the unauthorized copy of LARA JADE'S photograph prior to being contacted by LARA JADE.

35.     Despite the assurances from Burge, TVX and Cohen that Burge and TVX had discontinued their unauthorized use of LARA JADE'S photograph and image in connection with the distribution and sale of "Body Magic," Burge and TVX in fact did NOT change the face art of the "Body Magic" DVDs.

36.     LARA JADE alleges, upon information and belief, that Burge and TVX manufactured, distributed and sold numerous copies of "Body Magic" bearing LARA JADE'S photograph and likeness on the cover and DVD face art thereof, the precise number being unknown to LARA JADE but being ascertainable through discovery in this matter.

37.     LARA JADE alleges, upon information and belief, that Burge and TVX distributed or sold one or more copies of "Body Magic" bearing LARA JADE'S photograph and likeness on the cover and DVD face art thereof to retailers, distributors or other persons within the State of Florida and delivered one or more copies thereof to addresses within the State of Florida. The precise number of copies of "Body Magic" sold to retailers, distributors or other persons or delivered to addresses within the State of Florida is unknown to LARA JADE but is ascertainable

through discovery in this matter. LARA JADE further alleges that Burge and TVX distributed or sold one or more copies of "Body Magic" bearing LARA JADE's photograph and likeness on the cover and DVD face art thereof to numerous retailers, distributors or other persons outside of the State of Florida, including but not limited to the Defendants Cyber Services, Right Ascension, IdeaMax, Risqué Video and Tricon, knowing, believing and intending, or having reason to know, believe or intend, that such retailers, distributors and other persons would cause "Body Magic" to be sold or rented and delivered to persons within the State of Florida.

38.     Burge and TVX also utilized LARA JADE'S photograph on their website, www.tvxfilms.com, in connection with the sale, distribution and marketing of "Body Magic" prior to and for some period of time after January 29, 2007, and TVX's website was available to be accessed by persons within and without the State of Florida.

39.     On May 29, 2007, LARA JADE'S counsel placed an online order for "Body Magic" through the interactive internet site owned and operated by Effex, www.strippers.inadult.com. On or about June 2, 2007, the copy of "Body Magic" ordered from the Effex owned and operated site was delivered to LARA JADE'S counsel at an address in Hillsborough County, Florida. Although the cover of the "Body Magic" DVD no longer carried LARA JADE'S photograph, in fact the DVD itself still bore the unauthorized image and photograph of LARA JADE, a copy of which is attached hereto as **Exhibit "C."**  LARA JADE alleges upon information and

belief that one or more internet sites owned or operated by Effex have sold other copies of "Body Magic" to persons within and without the State of Florida, continue to sell and offer for sale "Body Magic" to persons within and without the State of Florida, are in possession of one or more copies of "Body Magic," and have used or continue to use LARA JADE's photograph, "No Easy Way Out," in connection with the sales and marketing of "Body Magic," including by copying or displaying "No Easy Way Out" on websites, marketing materials, packaging, or otherwise.

    40.    On June 4, 2007, LARA JADE'S counsel placed an online order for "Body Magic" through the interactive internet site owned and operated by Excalibur, www.excaliburfilms.com.  On or about June 9, 2007, the copy of "Body Magic" ordered from the Excalibur owned and operated site was delivered to LARA JADE'S counsel at an address in Hillsborough County, Florida. Although the cover of the "Body Magic" DVD no longer carried LARA JADE'S photograph, in fact the DVD itself still bore the unauthorized image and photograph of LARA JADE, a copy of which is attached hereto as **Exhibit "C."**  LARA JADE alleges upon information and belief that one or more internet sites owned or operated by Excalibur have sold or rented other copies of "Body Magic" to persons within and without the State of Florida, continue to sell or rent and offer for sale or rent "Body Magic" to persons within and without the State of Florida, are in possession of one or more copies of "Body Magic," and have used or continue to use LARA JADE's photograph, "No Easy Way Out," in connection with the sales and marketing of "Body Magic,"

including by copying or displaying "No Easy Way Out" on websites, marketing materials, packaging, or otherwise.

41.     On June 7, 2007, LARA JADE'S counsel placed an online order for three (3) copies of "Body Magic" through an interactive internet site owned and operated by Grain Belt News. On or about June 16, 2007, the copies of "Body Magic" ordered from the Grain Belt News site were delivered to LARA JADE'S counsel at an address in Hillsborough County, Florida. Although the covers of the "Body Magic" DVD no longer carried LARA JADE'S photograph, in fact the DVDs still bore the unauthorized image and photograph of LARA JADE, copies of which are attached hereto as **Exhibit "C."**   LARA JADE alleges upon information and belief that one or more internet sites owned or operated by Grain Belt News have sold other copies of "Body Magic" to persons within and without the State of Florida, continue to sell and offer for sale "Body Magic" to persons within and without the State of Florida, are in possession of one or more copies of "Body Magic," and have used or continue to use LARA JADE's photograph, "No Easy Way Out," in connection with the sales and marketing of "Body Magic," including by copying or displaying "No Easy Way Out" on websites, marketing materials, packaging, or otherwise.

42.     The copies of "Body Magic" that were ordered from the Grain Belt News website (www.passionshop.com) were sold and shipped by Defendant, DRS, Inc., from its facility located in Palm City, Florida.

43.     LARA JADE alleges, upon information and belief, that TVX and Burge produced and remain in possession of numerous additional copies of "Body Magic" and that there remain numerous distributors, retailers and other persons located within and without the State of Florida, including but not limited to Defendants Cyber Services, Right Ascension, IdeaMax, Risqué Video, Tricon, and DRS, who are in possession of one or more copies of "Body Magic" containing LARA JADE'S unauthorized image and photograph on the cover or as the face art of the DVD and who are selling or renting, or holding out for sale or rent, said copies of "Body Magic." The identities and locations of such distributors, retailers and other persons is unknown to LARA JADE but is ascertainable through discovery in this matter.

44.     LARA JADE alleges, upon information and belief, that there are other numerous interactive websites owned and operated by persons or entities unknown to LARA JADE, but whose identities are ascertainable through discovery in this action, that obtained unauthorized copies of "No Easy Way Out" from TVX and Burge, directly or indirectly, or otherwise, and have used and continue to use and display "No Easy Way Out," without the consent of LARA JADE, in connection with the sales, rental and marketing of "Body Magic."

<u>**General Allegation as to Copyright Claims**</u>

45.     "No Easy Way Out" falls within the category of "pictorial, graphic and sculptural works" as defined in 17 U.S.C. §101 and is an original work of authorship subject to copyright protection pursuant to 17 U.S.C. §102(a)(5).

46.     LARA JADE is the author of "No Easy Way Out" and is the owner of the copyright therein pursuant to 17 U.S.C. §201.

47.     On the date of first publication of "No Easy Way Out," LARA JADE was a national and domiciliary of a treaty party (to wit: the United Kingdom) and "No Easy Way Out" is subject to copyright protection pursuant to 17 U.S.C. §104(b).

48.     As the owner of the copyright in "No Easy Way Out," LARA JADE has the exclusive rights provided in 17 U.S.C. §106, which include but are not limited to the right to reproduce the copyrighted work, the right to distribute copies of the copyrighted work to the public, and the right to display the copyrighted work publicly.

49.     In addition and pursuant to 17 U.S.C. §113, LARA JADE has the exclusive right to reproduce "No Easy Way Out" in or on any kind of article, whether useful or otherwise.

50.     Proof of registration is not a condition precedent or prerequisite to the maintenance of this action, as LARA JADE's work, "No Easy Way Out," originated in a country outside of the United States that is a signatory to the Berne Convention.

### Count I - Direct Copyright Infringement by TVX and Burge

51.     LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

52.     The actions of TVX and Burge as alleged herein have violated and continue to violate LARA JADE's exclusive rights, including the rights to copy, reproduce, distribute and display publicly her original work, "No Easy Way Out."

53. The actions of TVX and Burge as alleged herein constitute infringement of LARA JADE's exclusive rights protected under the Copyright Act, 17 U.S.C. §101 et. seq.

54. The infringing acts of TVX and Burge as alleged herein have been willful, intentional and in disregard of and with indifference to the rights of LARA JADE.

55. The infringing acts of TVX and Burge are ongoing and will continue unless said Defendants are enjoined and restrained from continuing such conduct, as evidenced by the fact that the face art of the "Body Magic" DVD continues to bear the infringing copy of "No Easy Way Out" despite the assurances of TVX and Burge that they would cease any infringing conduct. LARA JADE has no adequate remedy at law to prevent the ongoing and continuous infringement of her exclusive rights by TVX and Burge.

56. Pursuant to 17 U.S.C. §§502 and 503, LARA JADE is entitled to injunctive relief to prohibit, enjoin and restrain TVX and Burge from further infringing her copyrights and to an order requiring the impoundment and destruction of all copies of "Body Magic" and any other copies of "No Easy Way Out" made in violation of LARA JADE's exclusive rights.

57. Pursuant to 17 U.S.C. §§504 and 505, LARA JADE is entitled to an award of her actual damages and the Defendants' profits, as well as her court costs.

58. At all times relevant hereto and during their infringement of LARA JADE's exclusive rights, TVX and Burge were well aware of the protections afforded

by the Copyright Act to copyright owners, having themselves initiated legal action to protect their own copyrights in certain motion pictures in that matter styled *Televised Visual X-Ography, Inc. et al v. V.C.X., LTD. et al*, Case No. 2:07-cv-00041-RCJ-LRL, which case was commenced by TVX and Burge on or about January 10, 2007.

59.     The conduct of TVX and Burge as alleged herein has been willful and intentional and the particular infringing uses of LARA JADE's work in connection with a hardcore pornographic movie are so patently offensive that an award of punitive damages is appropriate.   Because statutory damages are not available to LARA JADE in this case, an award of punitive damages should be made.

WHEREFORE, LARA JADE prays for judgment against the Defendants, TVX and Burge, jointly and severally, as follows:

a.     For entry of preliminary and permanent injunctions to prohibit, enjoin and restrain TVX and Burge from infringing, directly or indirectly, LARA JADE's exclusive rights in "No Easy Way Out," whether said infringement is by copying, reproducing, distributing, displaying, selling or offering to sell, renting or offering to rent, or otherwise; and

b.     For entry of an order requiring the impoundment and destruction of any and all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by TVX and Burge; and

c.     For entry of an order requiring TVX and Burge to account for all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by them, and for the gross sales derived therefrom; and

d.    For entry of judgment against TVX and Burge for LARA JADE's actual damages and Defendants' profits; and

e.    For entry of judgment against TVX and Burge for punitive damages; and

f.    For an award of court costs; and

g.    For such other legal and equitable relief as the Court deems just and proper under the circumstances.

**Count II – Contributory Copyright Infringement by TVX and Burge**

60.    LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

61.    The actions of TVX and Burge as alleged herein have violated and continue to violate LARA JADE's exclusive rights, including the rights to copy, reproduce, distribute and display publicly her original work, "No Easy Way Out."

62.    The actions of TVX and Burge as alleged herein constitute infringement of LARA JADE's exclusive rights protected under the Copyright Act, 17 U.S.C. §101 et. seq.

63.    The infringing acts of TVX and Burge as alleged herein have been willful, intentional and in disregard of and with indifference to the rights of LARA JADE.

64.    TVX and Burge, with knowledge of the infringing activity, induced, caused, facilitated, or materially contributed to the infringing conduct of others, including but not limited to the other Defendants named in this Amended Complaint.

65.     The infringing acts of TVX and Burge are ongoing and will continue unless said Defendants are enjoined and restrained from continuing such conduct, as evidenced by the fact that the face art of the "Body Magic" DVD continues to bear the infringing copy of "No Easy Way Out" despite the assurances of TVX and Burge that they would cease any infringing conduct.  LARA JADE has no adequate remedy at law to prevent the ongoing and continuous infringement of her exclusive rights by TVX and Burge.

66.     Pursuant to 17 U.S.C. §§502 and 503, LARA JADE is entitled to injunctive relief to prohibit, enjoin and restrain TVX and Burge from further infringing her copyrights and to an order requiring the impoundment and destruction of all copies of "Body Magic" and any other copies of "No Easy Way Out" made in violation of LARA JADE's exclusive rights.

67.     Pursuant to 17 U.S.C. §§504 and 505, LARA JADE is entitled to an award of her actual damages and the Defendants' profits, as well as her court costs.

68.     At all times relevant hereto and during their infringement of LARA JADE's exclusive rights, TVX and Burge were well aware of the protections afforded by the Copyright Act to copyright owners, having themselves initiated legal action to protect their own copyrights in certain motion pictures in that matter styled *Televised Visual X-Ography, Inc. et al v. V.C.X., LTD. et al*, Case No. 2:07-cv-00041-RCJ-LRL, which case was commenced by TVX and Burge on or about January 10, 2007.

69.     The conduct of TVX and Burge as alleged herein has been willful and intentional and the particular infringing uses of LARA JADE's work in connection with

a hardcore pornographic movie is so patently offensive that an award of punitive damages is appropriate. Because statutory damages are not available to LARA JADE in this case, an award of punitive damages should be made.

WHEREFORE, LARA JADE prays for judgment against the Defendants, TVX and Burge, jointly and severally, as follows:

a.      For entry of preliminary and permanent injunctions to prohibit, enjoin and restrain TVX and Burge from infringing, directly or indirectly, and from inducing, causing, facilitating or materially contributing to the infringement by others, of LARA JADE's exclusive rights in "No Easy Way Out," whether said infringement is by copying, reproducing, distributing, displaying, selling or offering to sell, renting or offering to rent, or otherwise; and

b.      For entry of an order requiring the impoundment and destruction of any and all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by TVX and Burge; and

c.      For entry of an order requiring TVX and Burge to account for all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by them in conjunction with the sale of "Body Magic" or otherwise, and for the gross sales derived therefrom; and

d.      For entry of judgment against TVX and Burge for LARA JADE's actual damages and Defendants' profits; and

e.      For entry of judgment against TVX and Burge for punitive damages; and

f.     For an award of court costs; and

g.     For such other legal and equitable relief as the Court deems just and proper under the circumstances.

### Count III – Inducing Copyright Infringement by TVX and Burge

70.     LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

71.     The actions of TVX and Burge as alleged herein have violated and continue to violate LARA JADE's exclusive rights, including the rights to copy, reproduce, distribute and display publicly her original work, "No Easy Way Out."

72.     The actions of TVX and Burge as alleged herein constitute infringement of LARA JADE's exclusive rights protected under the Copyright Act, 17 U.S.C. §101 et. seq.

73.     The infringing acts of TVX and Burge as alleged herein have been willful, intentional and in disregard of and with indifference to the rights of LARA JADE.

74.     TVX and Burge have infringed LARA JADE's exclusive rights by inducing others, including but not limited to the Defendants Cyber Services, Right Ascension, IdeaMax, Risqué Video, Tricon and DRS, to copy, reproduce, distribute or display publicly her original work, "No Easy Way Out."

75.     The infringing acts of TVX and Burge are ongoing and will continue unless said Defendants are enjoined and restrained from continuing such conduct, as evidenced by the fact that the face art of the "Body Magic" DVD continues to bear

the infringing copy of "No Easy Way Out" despite the assurances of TVX and Burge that they would cease any infringing conduct.  LARA JADE has no adequate remedy at law to prevent the ongoing and continuous infringement of her exclusive rights by TVX and Burge.

76.     Pursuant to 17 U.S.C. §§502 and 503, LARA JADE is entitled to injunctive relief to prohibit, enjoin and restrain TVX and Burge from further infringing her copyrights and to an order requiring the impoundment and destruction of all copies of "Body Magic" and any other copies of "No Easy Way Out" made in violation of LARA JADE's exclusive rights.

77.     Pursuant to 17 U.S.C. §§504 and 505, LARA JADE is entitled to an award of her actual damages and the Defendants' profits, as well as her court costs.

78.     At all times relevant hereto and during their infringement of LARA JADE's exclusive rights, TVX and Burge were well aware of the protections afforded by the Copyright Act to copyright owners, having themselves initiated legal action to protect their own copyrights in certain motion pictures in that matter styled *Televised Visual X-Ography, Inc. et al v. V.C.X., LTD. et al*, Case No. 2:07-cv-00041-RCJ-LRL, which case was commenced by TVX and Burge on or about January 10, 2007.

79.     The conduct of TVX and Burge as alleged herein has been willful and intentional and the particular infringing uses of LARA JADE's work in connection with a hardcore pornographic movie is so patently offensive that an award of punitive damages is appropriate.  Because statutory damages are not available to LARA JADE in this case, an award of punitive damages should be made.

WHEREFORE, LARA JADE prays for judgment against the Defendants, TVX and Burge, jointly and severally, as follows:

a.      For entry of preliminary and permanent injunctions to prohibit, enjoin and restrain TVX and Burge from infringing, directly or indirectly, and from inducing others to infringe, directly or indirectly, LARA JADE's exclusive rights in "No Easy Way Out," whether said infringement is by copying, reproducing, distributing, displaying, selling or offering to sell, renting or offering to rent, or otherwise; and

b.      For entry of an order requiring the impoundment and destruction of any and all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by TVX and Burge; and

c.      For entry of an order requiring TVX and Burge to account for all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by them, and for the gross sales derived therefrom; and

d.      For entry of judgment against TVX and Burge for LARA JADE's actual damages and Defendants' profits; and

e.      For entry of judgment against TVX and Burge for punitive damages; and

f.      For an award of court costs; and

g.      For such other legal and equitable relief as the Court deems just and proper under the circumstances.

## Count IV – Statutory Misappropriation of Image

80.     This is an action against TVX and Burge for statutory misappropriation of LARA JADE'S photograph, image and likeness pursuant to Fla. Stat. §540.08.

81.     LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

82.     TVX and Burge published, printed, displayed or otherwise publicly used LARA JADE'S photograph and likeness, without her express written or oral consent, for purposes of trade or for other commercial or advertising purposes by, among other things:

a.     Printing and copying LARA JADE'S photograph, image and likeness and utilizing it for the cover of the "Body Magic" DVD.

b.     Printing and copying LARA JADE'S photograph, image and likeness and utilizing it for the face art of the "Body Magic" DVD.

c.     Printing and copying LARA JADE'S photograph, image and likeness and uploading it to the internet sites owned and operated by TVX and Burge for purposes of advertising and marketing the "Body Magic" DVD.

d.     Permitting and encouraging other persons, firms and entities to utilize LARA JADE'S photograph, image and likeness on internet sites owned or operated by them, and making LARA JADE'S photograph and likeness available to such other persons, firms or entities, for purposes of advertising and marketing the "Body Magic" DVD.

e.    Intentionally and purposefully continuing to utilize LARA JADE'S photograph, image and likeness for commercial or advertising purposes in connection with the sale and distribution of the "Body Magic" DVD even after being notified by LARA JADE of their unauthorized use thereof and representing to LARA JADE that they would cease and desist from such unauthorized use.

83.    The foregoing acts by TVX and Burge are in violation of Fla. Stat. §540.08 and have damaged LARA JADE, and LARA JADE has no adequate remedy at law to prevent the ongoing and continuous conduct of TVX and Burge.

84.    LARA JADE is entitled to the remedies provided in Fla. Stat. §540.08.

WHEREFORE, LARA JADE demands judgment against TVX and Burge for (1) actual damages, including an amount which would have been a reasonable royalty for the use of LARA JADE'S photograph, image and likeness; (2) punitive damages as provided by law; and (3) temporary and permanent injunctive relief to enjoin the unauthorized conduct of TVX and Burge as set forth herein.

### Count V – Common Law Misappropriation of Image

85.    This is an action against TVX and Burge for common law misappropriation of LARA JADE'S photograph, image and likeness.

86.    LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

87.    TVX and Burge published, printed, displayed or otherwise publicly used LARA JADE'S photograph, image and likeness, without her express written or

oral consent, for purposes of trade or for other commercial or advertising purposes by, among other things:

a.      Printing and copying LARA JADE'S photograph, image and likeness and utilizing it for the cover of the "Body Magic" DVD.

b.      Printing and copying LARA JADE'S photograph, image and likeness and utilizing it for the face art of the "Body Magic" DVD.

c.      Printing and copying LARA JADE'S photograph, image and likeness and uploading it to the internet sites owned and operated by TVX and Burge for purposes of advertising and marketing the "Body Magic" DVD.

d.      Permitting and encouraging other persons, firms and entities to utilize LARA JADE'S photograph, image and likeness on internet sites owned or operated by them, and making LARA JADE'S photograph and likeness available to such other persons, firms or entities, for purposes of advertising and marketing the "Body Magic" DVD.

e.      Intentionally and purposefully continuing to utilize LARA JADE'S photograph, image and likeness for commercial or advertising purposes in connection with the sale and distribution of the "Body Magic" DVD even after being notified by LARA JADE of their unauthorized use thereof and representing to LARA JADE that they would cease and desist from such unauthorized use.

88.     The foregoing acts by TVX and Burge constitute misappropriation of LARA JADE'S photograph, image and likeness for commercial purposes without her

consent and have damaged LARA JADE, and LARA JADE has no adequate remedy at law to prevent the ongoing and continuous conduct of TVX and Burge.

89.     TVX and Burge had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to LARA JADE would result and, despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to LARA JADE.  In the alternative, and even if they acted without such actual knowledge, the conduct of TVX and Burge was so reckless or wanting in care that it constituted a conscious disregard for or indifference to the rights of LARA JADE.  As a result, LARA JADE is entitled to recover punitive damages against TVX and Burge pursuant to Florida Law.

        WHEREFORE, LARA JADE demands judgment against TVX and Burge for (1) actual damages, including an amount which would have been a reasonable royalty for the use of LARA JADE'S photograph, image and likeness; (2) punitive damages as provided by law; and (3) temporary and permanent injunctive relief to enjoin the unauthorized conduct of TVX and Burge as set forth herein.

### Count VI – Conspiracy to Misappropriate

90.     This is an action against TVX and Burge for conspiracy to misappropriate LARA JADE'S photograph, image and likeness.

91.     LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

92.     TVX, Burge and Cohen conspired to publish, print, display or otherwise publicly use LARA JADE'S photograph, image and likeness without her express

written or oral consent, for purposes of trade or for other commercial or advertising purposes and took actions intended to further that conspiracy by, among other things:

     a.    Downloading or otherwise acquiring possession of unauthorized copies of LARA JADE's photographic image and likeness.

     b.    Printing and copying LARA JADE'S photograph, image and likeness and utilizing it for the cover of the "Body Magic" DVD.

     c.    Printing and copying LARA JADE'S photograph, image and likeness and utilizing it for the face art of the "Body Magic" DVD.

     d.    Printing and copying LARA JADE'S photograph, image and likeness and uploading it to the internet sites owned and operated by TVX and Burge for purposes of advertising and marketing the "Body Magic" DVD.

     e.    Permitting and encouraging other persons, firms and entities to utilize LARA JADE'S photograph, image and likeness on internet sites owned or operated by them, and making LARA JADE'S photograph and likeness available to such other persons, firms or entities, for purposes of advertising and marketing the "Body Magic" DVD.

     f.    Intentionally and purposefully continuing to utilize LARA JADE'S photograph, image and likeness for commercial or advertising purposes in connection with the sale and distribution of the "Body Magic" DVD even after being notified by LARA JADE of their unauthorized use thereof and represent to LARA JADE that they would cease and desist from such unauthorized use.

93.     The foregoing acts by TVX, Burge and Cohen constitute conspiracy to misappropriate LARA JADE'S photograph, image and likeness for commercial purposes without her consent and have damaged LARA JADE.

94.     TVX and Burge had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to LARA JADE would result and, despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to LARA JADE.  In the alternative, and even if they acted without such actual knowledge, the conduct of TVX and Burge was so reckless or wanting in care that it constituted a conscious disregard for or indifference to the rights of LARA JADE.  As a result, LARA JADE is entitled to recover punitive damages against TVX and Burge pursuant to Florida Law.

WHEREFORE, LARA JADE demands judgment against TVX and Burge, jointly and severally, for (1) actual damages, including an amount which would have been a reasonable royalty for the use of LARA JADE'S photograph, image and likeness; (2) punitive damages as provided by law; and (3) temporary and permanent injunctive relief to enjoin the unauthorized conduct of TVX and Burge as set forth herein.

### Count VII – Defamation by Implication

95.     This is an action for damages against TVX and Burge for defamation by implication.

96.     LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

97. The use of LARA JADE'S photograph, image and likeness on the cover of the "Body Magic" DVD, face art, internet advertising and other sales and marketing materials creates, suggests or implies a defamatory connection to LARA JADE by, among other things: (a) suggesting to the public the LARA JADE was involved with or a participant in the hardcore pornographic activity depicted and described on the remainder of the "Body Magic" DVD cover and in the "Body Magic" movie contained therein; (b) suggesting to the public that LARA JADE was involved with or a participant in the hardcore pornographic movie industry, as an actor or otherwise; and (c) suggesting to the public that LARA JADE had authorized or consented to the use of her photograph and likeness in connection with the sales and marketing of hardcore pornographic movies in general and of "Body Magic" in particular.

98. Such a portrayal of LARA JADE constitutes a gross misrepresentation of her character, history, activities and beliefs, is highly offensive to LARA JADE, would be highly offensive to a reasonable person and prejudices LARA JADE in the eyes of a substantial and respectable minority of the community.

99. TVX and Burge had knowledge of the defamatory manner in which their actions and conduct would portray LARA JADE, or acted in reckless disregard thereof.

100. As a result of the actions and conduct of TVX and Burge, LARA JADE has suffered damages.

101.    TVX and Burge had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to LARA JADE would result and, despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to LARA JADE.  In the alternative, and even if they acted without such actual knowledge, the conduct of TVX and Burge was so reckless or wanting in care that it constituted a conscious disregard for or indifference to the rights of LARA JADE.  As a result, LARA JADE is entitled to recover punitive damages against TVX and Burge pursuant to Florida Law.

WHEREFORE, LARA JADE demands judgment for damages, including actual, compensatory and punitive damages, against the Defendants TVX and Burge, an award of the costs of this action, and such further relief as the Court deems appropriate.

### Count VIII – Conspiracy to Commit Defamation by Implication

102.    This is an action for damages against TVX and Burge for conspiracy to commit defamation by implication.

103.    LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

104.    The use of LARA JADE'S photograph, image and likeness on the cover of the "Body Magic" DVD, face art, internet advertising and other sales and marketing materials creates, suggests or implies a defamatory connection to LARA JADE by, among other things: (a) suggesting to the public the LARA JADE was involved with or a participant in the hardcore pornographic activity depicted on the

remainder of the "Body Magic" DVD cover and in the "Body Magic" movie contained therein; (b) suggesting to the public that LARA JADE was involved with or a participant in the hardcore pornographic movie industry, as an actor or otherwise; and (c) suggesting to the public that LARA JADE had authorized or consented to the use of her photograph and likeness in connection with the sales and marketing of hardcore pornographic movies in general and of "Body Magic" in particular.

105.    Such a portrayal of LARA JADE constitutes a gross misrepresentation of her character, history, activities and beliefs, is highly offensive to LARA JADE, would be highly offensive to a reasonable person and prejudices LARA JADE in the eyes of a substantial and respectable minority of the community.

106.    TVX and Burge had knowledge of the defamatory manner in which their actions and conduct would portray LARA JADE, or acted in reckless disregard thereof.

107.    TVX, Burge and Cohen conspired to publish, print, display or otherwise publicly use LARA JADE'S photograph, image and likeness in a defamatory manner that creates, suggests or implies a defamatory connection to LARA JADE and took actions intended to further that conspiracy by, among other things:

a.    Downloading or otherwise acquiring possession of unauthorized copies of LARA JADE's photographic image and likeness.

b.    Printing LARA JADE'S photograph, image and likeness and utilizing it for the cover of the "Body Magic" DVD.

c.      Printing LARA JADE'S photograph, image and likeness and utilizing it for the face art of the "Body Magic" DVD.

d.      Printing LARA JADE'S photograph, image and likeness and uploading it to the internet sites owned and operated by TVX and Burge for purposes of advertising and marketing the "Body Magic" DVD.

e.      Permitting and encouraging other persons, firms and entities to utilize LARA JADE'S photograph, image and likeness on internet sites owned or operated by them, and making LARA JADE'S photograph and likeness available to such other persons, firms or entities, for purposes of advertising and marketing the "Body Magic" DVD.

f.      Intentionally and purposefully continuing to utilize LARA JADE'S photograph, image and likeness for commercial or advertising purposes in connection with the sale and distribution of the "Body Magic" DVD even after being notified by LARA JADE of their unauthorized use thereof.

108.    The foregoing acts by TVX, Burge and Cohen constitute conspiracy to portray LARA JADE in a defamatory manner and have damaged LARA JADE.

109.    As a result of the actions and conduct of TVX and Burge, LARA JADE has suffered damages.

110.    TVX and Burge had actual knowledge of the wrongfulness of their conduct and of the high probability that injury or damage to LARA JADE would result and, despite that knowledge, intentionally pursued their course of conduct resulting in injury or damage to LARA JADE.  In the alternative, and even if they acted without

such actual knowledge, the conduct of TVX and Burge was so reckless or wanting in care that it constituted a conscious disregard for or indifference to the rights of LARA JADE. As a result, LARA JADE is entitled to recover punitive damages against TVX and Burge pursuant to Florida Law.

WHEREFORE, LARA JADE demands judgment for damages, including actual, compensatory and punitive damages, against the Defendants TVX and Burge, an award of the costs of this action, and such further relief as the Court deems appropriate.

### Count IX – Intentional Infliction of Emotional Distress

111. This is an action against TVX and Burge for damages for intentional infliction of emotional distress.

112. LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

113. The conduct of TVX and Burge was intentional or reckless, in that TVX and Burge intended their conduct when they knew or should have known that LARA JADE would likely suffer emotional distress as a result of their conduct.

114. The conduct of TVX and Burge was outrageous, as to go beyond the bounds of decency and to be regarded as odious and utterly intolerable in a civilized community.

115. The conduct of TVX and Burge caused LARA JADE to suffer emotional distress and that emotional distress was severe.

WHEREFORE, LARA JADE demands judgment against TVX and Burge for damages, including actual, compensatory and punitive damages, an award of the costs of this action, and such further relief as the Court deems appropriate.

### Count X – Copyright Infringement by Cyber Services

116.   LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

117.   The actions of Cyber Services as alleged herein have violated and continue to violate LARA JADE's exclusive rights, including the rights to copy, reproduce, distribute and display publicly her original work, "No Easy Way Out."

118.   The actions of Cyber Services as alleged herein constitute infringement of LARA JADE's exclusive rights protected under the Copyright Act, 17 U.S.C. §101 et. seq.

119.   The infringing acts of Cyber Services as alleged herein have been willful, intentional and in disregard of and with indifference to the rights of LARA JADE.

120.   The infringing acts of Cyber Services are ongoing and will continue unless said Defendant is enjoined and restrained from continuing such conduct, as evidenced by the fact that the face art of the "Body Magic" DVD continues to bear the infringing copy of "No Easy Way Out" despite the assurances of TVX and Burge that they would cease any infringing conduct and change the face art of the "Body Magic" DVD.  LARA JADE has no adequate remedy at law to prevent the ongoing and continuous infringement of her exclusive rights by Cyber Services.

121.   Pursuant to 17 U.S.C. §§502 and 503, LARA JADE is entitled to injunctive relief to prohibit, enjoin and restrain Cyber Services from further infringing her copyrights and to an order requiring the impoundment and destruction of all copies of "Body Magic" and any other copies of "No Easy Way Out" made in violation of LARA JADE's exclusive rights.

122.   Pursuant to 17 U.S.C. §§504 and 505, LARA JADE is entitled to an award of her actual damages and the Defendant's profits, as well as her court costs.

WHEREFORE, LARA JADE prays for judgment against the Defendant, Cyber Services , as follows:

a.      For entry of preliminary and permanent injunctions to prohibit, enjoin and restrain Cyber Services from infringing, directly or indirectly, LARA JADE's exclusive rights in "No Easy Way Out," whether said infringement is by copying, reproducing, distributing, displaying, selling or offering to sell, renting or offering to rent,  or otherwise; and

b.      For entry of an order requiring the impoundment and destruction of any and all infringing copies of "No Easy Way Out" made, copied, reproduced, distributed by or otherwise in the possession of Cyber Services; and

c.      For entry of an order requiring Cyber Services to account for all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by it in conjunction with the sale of "Body Magic" or otherwise, and for the gross sales derived therefrom; and

d.    For entry of judgment against Cyber Services for LARA JADE's actual damages and Defendant's profits; and

e.    For an award of court costs; and

f.    For such other legal and equitable relief as the Court deems just and proper under the circumstances.

### Count XI – Copyright Infringement by Tricon

123.   LARA JADE realleges paragraphs 1 through 50 as though fully set forth herein.

124.   The actions of Tricon as alleged herein have violated and continue to violate LARA JADE's exclusive rights, including the rights to copy, reproduce, distribute and display publicly her original work, "No Easy Way Out."

125.   The actions of Tricon as alleged herein constitute infringement of LARA JADE's exclusive rights protected under the Copyright Act, 17 U.S.C. §101 et. seq.

126.   The infringing acts of Tricon as alleged herein have been willful, intentional and in disregard of and with indifference to the rights of LARA JADE.

127.   The infringing acts of Tricon are ongoing and will continue unless said Defendant is enjoined and restrained from continuing such conduct, as evidenced by the fact that the face art of the "Body Magic" DVD continues to bear the infringing copy of "No Easy Way Out" despite the assurances of TVX and Burge that they would cease any infringing conduct and change the face art of the "Body Magic"

DVD.  LARA JADE has no adequate remedy at law to prevent the ongoing and continuous infringement of her exclusive rights by Tricon.

128.   Pursuant to 17 U.S.C. §§502 and 503, LARA JADE is entitled to injunctive relief to prohibit, enjoin and restrain Tricon from further infringing her copyrights and to an order requiring the impoundment and destruction of all copies of "Body Magic" and any other copies of "No Easy Way Out" made in violation of LARA JADE's exclusive rights.

129.   Pursuant to 17 U.S.C. §§504 and 505, LARA JADE is entitled to an award of her actual damages and the Defendant's profits, as well as her court costs.

WHEREFORE,  LARA JADE prays for judgment against the Defendant, Tricon, as follows:

a.   For entry of preliminary and permanent injunctions to prohibit, enjoin and restrain Tricon from infringing, directly or indirectly, LARA JADE's exclusive rights in "No Easy Way Out," whether said infringement is by copying, reproducing, distributing, displaying, selling or offering to sell, renting or offering to rent,  or otherwise; and

b.   For entry of an order requiring the impoundment and destruction of any and all infringing copies of "No Easy Way Out" made, copied, reproduced, distributed by or otherwise in the possession of Tricon; and

c.   For entry of an order requiring Tricon to account for all infringing copies of "No Easy Way Out" made, copied, reproduced or distributed by it in conjunction

with the sale of "Body Magic" or otherwise, and for the gross sales derived therefrom; and

   d.  For entry of judgment against Tricon for LARA JADE's actual damages and Defendant's profits; and

   e.  For an award of court costs; and

   f.  For such other legal and equitable relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

   130. Pursuant to Rule 38 Fed. R. Civ. P., and the Seventh Amendment to the United States Constitution, Plaintiff LARA JADE COTON hereby demands a trial by jury on all issues so triable.

s/ Richard A. Harrison
**RICHARD A. HARRISON, ESQUIRE**
Florida Bar Number: 602493
Allen Dell, P.A.
202 South Rome Ave., Ste. 100
Tampa, Florida 33606
Telephone: (813) 223-5351
Facsimile: (813) 229-6682
E-mail: rharrison@allendell.com
Counsel for Plaintiff, LARA JADE COTON
Lead Trial Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st of October, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document by first-class mail to the following non-CM/ECF participants:

Robert Augustus Burge
c/o TVX Home Video, Inc.
1707 Post Oak Road, Suite 252
Houston, TX 77056

Televised Visual X-Ography, Inc.
1707 Post Oak Road #252
Houston, TX 77056

s/ Richard A. Harrison
**RICHARD A. HARRISON, ESQUIRE**
Florida Bar Number: 602493
Allen Dell, P.A.
202 South Rome Ave., Ste. 100
Tampa, Florida  33606
Telephone: (813) 223-5351
Facsimile:  (813) 229-6682
E-mail:  rharrison@allendell.com