UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARA JADE COTON,

    Plaintiff,

v.                          CASE No. 8:07-CV-1332-T-23TGW

TELEVISED VISUAL
X-OGRAPHY, INC., etc. et al.,

    Defendants.

## ORDER

THIS CAUSE came on to be heard upon the Motion to Set Aside Default against defendants Robert Augustus Burge and Televised Visual X-ography, Inc. (TVX) (Doc. 92). Because good cause has not been shown for setting aside the defaults, the motion will be denied.

On February 20, 2009, the Clerk of Court entered a default against Burge (Doc. 91). The Clerk was directed to enter a default against Burge pursuant to Rule 55(a), Fed. R. Civ. P., after he failed to file a response to the plaintiff's second amended complaint or to file an objection to the plaintiff's Motion for Entry of Default (Doc. 90). The Clerk entered a default against defendant TVX months earlier, in October 2008, after TVX failed to comply with a court order directing TVX to show cause why default should not be entered against it (Docs. 64, 65). On February 26, 2009, attorney Steve T. Skivington filed on behalf of the defendants

a Motion to Set Aside Default against both Burge and TVX (Doc. 92). The motion is opposed by the plaintiff (Doc. 93). Oral argument was subsequently conducted on the motion, and defendant Burge appeared at the hearing.

Pursuant to Rule 55(c), F.R.Civ.P., "[t]he court may set aside an entry of default for good cause...." The defendants argue that "[g]ood cause...exists for setting aside the default in this action because the undersigned attorney [Steve T. Skivington] was never served with the Second Amended Complaint...and therefore could not have timely filed an Answer" (Doc. 92, pp. 1-2).

This contention does not address, and therefore does not provide any cause for setting aside, the default entered against TVX in October 2008. Furthermore, this argument does not provide good cause for setting aside the default against either defendant, as it is fundamentally flawed in at least two respects. The crux of the defendants' argument is that plaintiff's counsel is to blame for the default because the plaintiff did not serve Skivington with the second amended complaint. However, Skivington was not attorney of record in this case when the second amended complaint was filed and, therefore, the plaintiff was under no obligation to serve the second amended complaint upon Skivington.[1]

---

[1] Although Skivington did participate in the case initially, District Judge Steven D. Merryday ordered Skivington terminated as counsel of record in April 2008 (Doc. 53) and since then he has not filed a notice of appearance. Rather, by virtue of filing the Motion to Set Aside Default, the Clerk now identifies Skivington as an attorney of record.

Furthermore, this is not a circumstance where no one on the defendants' behalf was served with the second amended complaint. Thus, the record reflects that Burge, who was acting pro se at the time of its filing, was served with the second amended complaint (see Doc. 86, service listing). Furthermore, John T. Jenkins, Jr., who filed a notice of appearance as counsel for the defendants on December 8, 2008 (Doc. 87), was also served with the second amended complaint (Doc. 88). However, there was no response, or even a motion for extension of time to respond, to the second amended complaint. Similarly, Jenkins and Burge were served with the Motion for Entry of Default (Doc. 89, service list), but neither filed a response to the motion.[2]

Entry of default was not ordered until after the defendants failed to respond to both of these filings, and no explanation has been given why Jenkins, as counsel of record, failed to act on these filings. Further, although Skivington represents that Burge's health problems precluded Burge from responding, the plaintiff has correctly pointed out that there is no record evidence substantiating these health problems, either in terms of the specific health issues he is experiencing or showing that they precluded Burge from defending himself during the time period between the filing of the second amended complaint and the entry of default.

---

[2] There is also no explanation why Burge or Jenkins could not have forwarded to Skivington the second amended complaint or the Motion for Entry of Default.

Notably, Burge was well enough to attend the scheduled pretrial conference, at which he was given a copy of the proposed second amended complaint, and to file an opposition sixteen days later to the motion to amend the complaint (see Docs. 84, 88).[3]

Therefore, good cause has not been provided why Burge failed to defend himself in this matter so that there is no basis for setting aside the default. And, as explained earlier, no attempt was made to show good cause for setting aside the default as to TVX.

It is, therefore, upon consideration

ORDERED:

That the Motion to Set Aside Default (Doc. 92) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this 5th day of May, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3]Skivington also argued at the hearing that Burge's lack of financial resources precluded him from hiring counsel to handle this matter. No legal authority has been cited that a lack of financial resources constitutes good cause to set aside a default under Rule 55 (c), F.R.Civ.P. Regardless, as indicated, the record reflects that Burge had counsel as of December 2008, but that the attorney failed to respond to court filings.