UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARA JADE COTON,

    Plaintiff,

v.                                 CASE No. 8:07-CV-1332-T-TGW

TELEVISED VISUAL
X-OGRAPHY, INC., etc. et al.,

    Defendants.

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Motion to Strike the "Motion to Deny Final Judgment and Trial by Jury" of Defendant Robert Augustus Burge and Motion for Sanctions (Doc. 103) and the defendant's response (Doc. 104).

The plaintiff has filed motions for final default judgment against the individual defendant, Robert Augustus Burge, and several corporate defendants (see Docs. 99-101). The only defendant to respond was defendant Burge, but he did so in a document entitled "Motion to Deny Final Judgment and Trial by Jury Against Robert Augustus Burge" (Doc. 102)("Motion to Deny Judgment"), which is replete with invective and scandalous accusations

against plaintiff and her counsel. For these reasons, the plaintiff has filed a motion to strike that document (Doc. 103). Defendant Burge opposes this motion (Doc. 104).

As the plaintiff points out, Burge's "Motion to Deny Judgment" is actually a response in opposition to the plaintiff's Motion for Default Judgment. Thus, the requested relief is that "Final Default Judgment be denied" (Doc. 102, p. 1).[1] If the defendant wishes to oppose a motion, the required procedure is to file a response in accordance with Local Rule 3.01(b), which provides that the opposing party may "file within ten (10) days after service of the motion...a response that includes a memorandum of legal authority in opposition to the request...." Incorrectly filing a responsive document as a motion improperly triggers a response from the opposing party,

---

[1] Burge attempts to elevate his "Motion to Deny Judgment" to one with evidentiary value by including an "Affidavit" which purports that "the facts...presented in this [Motion to Deny Judgment]...are the truth, the whole truth and nothing but the truth" (Doc. 102, p. 7). Among other deficiencies, such as it being rife with hearsay, the "Affidavit" is meaningless because it is an unsworn document that also does not satisfy 28 U.S.C. 1746 (in lieu of a sworn affidavit, a person may attest, under the penalty of perjury, to the veracity of the statements therein).

unnecessarily clogs the court's docket, and makes it unclear whether the original motion is opposed.

The defendant concedes that he has not complied with the procedural rules, but argues that he should be excused because he is not an attorney (see Doc. 104, ¶¶22, 26). However, the defendant's pro se status does not absolve him from compliance with the court's rules. See McNeil v. United States, 508 U.S. 106, 113 (1993)(pro se litigants are not excused from compliance with procedural rules in ordinary civil litigation); Moon v. Newsome, 863 F.3d 835, 837 (11th Cir. 1989)("once a pro se...litigant is in court, he is subject to the relevant law and rules of court"); Galloway v. Ga Technology Authority, 182 Fed. Appx. 877, 883 (11th Cir. 2006)(unpub. dec.)(pro se litigants must comply with procedural rules, including local rules).

Further, the defendant's pro se status does not excuse him from conducting himself with civility in these proceedings. Thus, his irrelevant and defamatory invective against the plaintiff and plaintiff's counsel in his "Motion to Deny Judgment" is unacceptable. As the plaintiff points out, the defendant's repeated references to plaintiff's counsel personally is, in itself,

improper, much less his vituperative attacks and scandalous allegations against counsel, including that plaintiff's counsel has:

> "a wide range of Associates in the world of Porno" (Doc. 102, p. 6);

> "has knowingly perpetrated a fraud before this court by falsifying copyrights on exhibits..." (id.);

> "has used this legal action as a platform" for his career (id.); and

> "has used this lawsuit to legally extort at least ten thousand dollars...from the several former defendants in this case" (id.).

Further, defendant Burge makes scurrilous statements about the plaintiff, including that the plaintiff is a liar and that she "has knowingly perpetrated a fraud before this court" (id., pp. 3, 6).

In response to the plaintiff's Motion to Strike, Burge, on one hand, "apologizes to Plaintiffs [sic] attorney" and states that "Defendant does not question Plaintiffs [sic] attorney's integrity"; however, other portions of his response reiterate invective that is the subject of the motion to strike, and he maintains that his allegations have not been refuted (Doc. 104, ¶¶22-25, 27).

It is axiomatic that litigants must "conduct themselves with civility." Local Rule 2.04(h). Further, "[c]ourts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal." Kleiner v. First Nat. Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44-45(1991). This includes the authority to impose reasonable and appropriate sanctions. Martin v. Automobili Lamborghini Exclusive, 307 F.3d 1332, 1335 (11th Cir. 2002); Chambers v. NASCO, Inc., supra, 501 U.S. at 44-45.

As pertinent here, "submissions to the court....are not meant to be an avenue through which...[a party] can simply emote, let off steam, or otherwise sling mud at an adversary." Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1325, 1328 (11th Cir. 2002). This principle applies equally to a pro se party. See Theriault v. Silber, 574 F.2d 197 (5th Cir. 1978)("Nothing in our liberal pro se practice dictates that this court receive abusive documents."); see also McCorstin v. U.S. Dept of Labor, 630 F.2d 242, (5th Cir. 1980).

Accordingly, courts have stricken documents containing impertinent and scandalous comments pursuant to the court's inherent authority, and Rule 12(f), F.R.Civ. P., which permits the striking of

"redundant, immaterial, impertinent or scandalous matter." See McCorstin v. U.S. Dept of Labor, supra, 630 F.2d 242 (striking under Rule 12(f), F.R.Civ.P., a request to take judicial notice that a person committed perjury); Theriault v. Silber, supra, 574 F.2d 197 (striking pursuant to Rule 12(f), F.R.Civ.P., a notice of appeal containing insulting references to the trial judge); U.S. v. Spellissy, 2009 WL 2421852 (M.D. Fla. 2009)(unpub. dec.)(striking pursuant to Rule 12(f), F.R.Civ. P., and the court's inherent authority, a responsive memorandum that makes immaterial, impertinent and scandalous comments against opposing counsel); Securities and Exchange Commission v. Lauer, 2007 WL 1393917 (S.D. Fla. 2007)(striking under Rule 12(f), F.R.Civ.P., a request for the court to take judicial notice of correspondence that contains invective against opposing counsel); see also Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1325, 1328 (11th Cir. 2002)(affirming sanctions against an attorney, pursuant to the court's inherent authority, for filing documents that contain harassing and intimidating remarks directed at opposing counsel). Similarly, due to its scandalous and impertinent content, defendant Burge's Motion to Deny Final Judgment and Trial by Jury Against Robert Augustus Burge (Doc. 102) will be stricken from the record.

Finally, the plaintiff seeks the imposition of sanctions against Burge pursuant to Rule 11, F.R.Civ.P., or the court's inherent authority, for filing the Motion to Deny Judgment (Doc. 103, p. 5, ¶26). Sanctions under Rule 11, F.R.Civ.P. are not authorized in this circumstance.

First, the plaintiff's motion for sanctions does not comply with Rule 11's "safe harbor" provisions. See Rule 11(c)(2), F.R.Civ.P. ("A motion for sanctions [under Rule 11] must be made separately from any other motion....The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service...."). Further, the plaintiff does not request a specific sanction other than striking Burge's Motion to Deny Judgment and, concomitantly, she has not shown that a greater sanction is warranted, either under Rule 11 or the court's inherent authority. See Rule 11(c)(4), F.R.Civ.P. ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct...."). However, defendant Burge is forewarned that, if he continues to file documents that contain scurrilous accusations and defamatory comments, greater sanctions may be imposed, including a monetary sanction.

It is, therefore, upon consideration

ORDERED:

That the Plaintiff's Motion to Strike the "Motion to Deny Final Judgment and Trial by Jury" of Defendant Robert Augustus Burge and Motion for Sanctions (Doc. 103) be, and the same is hereby, **GRANTED to the extent** that defendant Burge's Motion to Deny Final Judgment and Trial by Jury Against Robert Augustus Burge (Doc. 102) is hereby **STRICKEN** from the court's docket. Accordingly, the **Clerk** is **DIRECTED** to **STRIKE** from the court record Burge's Motion to Deny Final Judgment and Trial by Jury Against Robert Augustus Burge (Doc. 102).

DONE and ORDERED at Tampa, Florida, this 1st day of March, 2010.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE