UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARA JADE COTON,

    Plaintiff,

v.   CASE No. 8:07-CV-1332-T-TGW

TELEVISED VISUAL
X-OGRAPHY, INC., etc. et al.,

    Defendants.

## ORDER

THIS CAUSE came on for consideration upon the Motion for Default Final Judgment of Liability Against Televised Visual X-Ography, Inc. and Robert Augustus Burge (Doc. 99); Motion for Default Judgment of Liability Against Tricon Interactive, Inc. (Doc. 100); and Motion for Default Final Judgment of Liability Against Cyber Services, LLC (Doc. 101). The plaintiff requests the court to enter final default judgment against the defendants as to liability and reserve entry of judgment on damages pending a jury trial (see id.). The plaintiff's motions, however, do not adequately

demonstrate that she is entitled to this relief. Consequently, a supplement will be necessary if she wishes to pursue this relief.

Although defaults have been entered against each defendant, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1204 (5th Cir.1975) (footnotes omitted). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Accordingly, the court must find that there is a sufficient basis in the pleadings for the judgment to be entered. See id.

In this connection, the plaintiff's memorandum of law states in a conclusory manner that the allegations in the amended complaint state a claim for each cause of action (see Doc. 99, p. 6-7; Doc. 100, pp. 3-4; Doc. 101, p. 2). However, the plaintiff does not even set forth the elements of each cause of action to substantiate this contention (id.).

The plaintiff's second amended complaint contains eleven counts (see Doc. 86). Accordingly, the plaintiff will need to identify, for each of the eleven counts, the elements of each cause of action, and specify the

allegations in the amended complaint which satisfy each element. Citations to legal authority and the amended complaint should be included.

For clarity, it is emphasized that the plaintiff should not separate the information into fact sections and a memorandum of law. Rather, immediately following each element of the claim, the plaintiff should identify the allegations of the amended complaint which satisfy that element. This format will facilitate the determination of whether the second amended complaint states a cause of action for all of the counts.

Additionally, the plaintiff requests that a jury trial be held to determine the amount of damages (Doc. 99, p. 6; Doc. 100, p. 3; Doc. 101, p. 3). However, she has not adequately set forth legal authority which shows that she is entitled to a jury trial in this circumstance. The plaintiff cites as her basis for entitlement to a jury trial Rule 55(b)(2)(B), F.R.Civ. P.; 17 U.S.C. 504(b); and Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 346 (1998) (Doc. 99, p. 7; Doc. 100, p. 4; Doc. 101, pp. 3-4).

Rule 55(b)(2)(B), F.R.Civ.P., sets forth the procedure in assessing damages following the entry of a default. It provides, in pertinent part, that "[t]he court may conduct hearings or make referrals–preserving any

federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to...determine the amount of damages...." The plaintiff has not identified, with regard to any of her claims, a federal statute that affords a jury trial on damages following entry of default.

Thus, the provision that "preserv[es] any federal statutory right to a jury trial" has been construed by many courts to mean a statute that specifies a right to a jury trial following entry of default. See e.g., Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 & n.7 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991)(a party has no right to jury trial on its copyright infringement claim pursuant to Fed.R.Civ.P. 55(b)(2) or the Seventh Amendment); Benz v. Skiba, Skiba & Glomski, 164 F.R.D. 115, 115-16 (D.Me. 1995)(although Title VII includes a right to jury trial, when liability is established by default, there is no entitlement to a jury trial on damages because Rule 55's provision that preserves a federal statutory right to a jury trial "pertains to statutes requiring jury trials specifically after default has occurred"); Meyers v. Lakeland Supply, Inc., 133 F.Supp.2d 1118 (E.D. Wis 2001)(although the ADEA affords a plaintiff a jury trial, that statute does not provide plaintiffs with a jury trial on damages following a default).

In this connection, it has been stated the only statute that meets this requirement is 28 U.S.C. 1874. Sells v. Berry, 24 Fed. Appx. 568, 572 (7th Cir.2001) (unpub. dec.); Gill v. Stolow, 18 F.R.D. 508, 510 (S.D.N.Y.1955), rev'd on other grounds; Wright & Miller, Vol. 10A, §2688, p. 69; 5 James W. Moore, et al., Moore's Federal Practice ¶38.19[3]. Although, as the plaintiff points out, Feltner v. Columbia Pictures Television, Inc., 523 U.S. at 346, recognizes that a copyright owner who seeks actual damages is entitled to a jury trial, Feltner does not involve a default. Therefore, citing to Feltner is insufficient to show that she is entitled to a jury trial on her copyright infringement claims.

Furthermore, the great weight of legal authority holds that a hearing on damages, in lieu of a jury trial, following entry of default does not violate the plaintiff's Seventh Amendment right to a jury trial. In re Dierschke, 975 F.2d 181, 185 (5TH Cir. 1992)("It is...clear that in a default case neither the plaintiff nor the defendant has a constitutional right to a jury trial on the issue of damages."); Adriana Int'l Corp. v. Thoeren, supra, 913 F.2d 1406, 1414 & n.7, ("a party has no right to jury trial pursuant to Fed.R.Civ.P. 55(b)(2) or the Seventh Amendment"); Graham v. Malone Freight Lines, Inc., 314 F.3d 7, 16 (1st Cir. 1999)("[n]either the Seventh

Amendment nor the Federal Rules of Civil Procedure require a jury trial to assess damages after entry of default"); Olcott v. Delaware Flood Co., 327 F.3d 1115, 1124 (10th Cir. 2003)(a party does not "have a constitutional right to a jury trial following entry of default") Benz v. Skiba, Skiba & Glomski, 164 F.R.D. 115, 115-16 (D.Me. 1995)("a constitutional right to jury trial does not survive the entry of default"); Frankart Distributors, Inc. v. Levitz, 796 F. Supp. 75, 76-77 (E.D.N.Y. 1992)("Rule 55 presupposes that a default judgment extinguishes the constitutional right to a jury trial"). Moreover, these principles have been applied to Copyright Act claims. See, e.g., Adriana Int'l Corp. v. Thoeren, supra, 913 F.2d 1406, 1414 & n.7; Manno v. Tennessee Production Center, Inc., 657 F. Supp. 2d 425, 429 (S.D.N.Y. 2009).*

Consequently, the plaintiff will have to supplement her motion with legal authority showing that, following entry of default, she is entitled to a jury trial on damages. Otherwise, she will be afforded an evidentiary hearing on damages, with the court as the fact-finder. The plaintiff has thirty

---

*A court does retain the discretion to order a jury trial even in the absence of a constitutional or statutory right. See Wright & Miller, Vol. 10A, §2688, p. 69. However, the plaintiff has not offered any justification for this procedure.

(30) days from the date of this Order to submit a supplement with the aforementioned information.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 9th day of March, 2010.

            THOMAS G. WILSON
            UNITED STATES MAGISTRATE JUDGE